IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YAIDA FORD**<br>**FORD LAW PROS P.C.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**AUTOMATIC DATA PROCESSING, LLC.**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>) CASE No.:<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs Ford Law Pros P.C. and Yaida O. Ford, through the undersigned counsel, and pursuant to this Court's Standing Order submits this Amended Complaint against Defendant Automatic Data Processing, LLC. ("ADP".).

## I.  PARTIES

1. Plaintiff Ford Law Pros P.C. is a law firm located in the District of Columbia.

2. Plaintiff Yaida O. Ford is the principal and managing attorney of Ford Law Pros, P.C.

3. Defendant ADP is a global payroll company with US headquarters located in New Jersey and the DC metro area.

4. Plaintiffs were customers of ADP at all relevant times referenced in this Complaint.

## II.  JURISDICTION

1

5. This Court has subject matter jurisdiction over this action pursuant to D.C. Code §11-921 (2017).

6. This Court has personal jurisdiction over ADP under D.C. Code § 13-423 because ADP has an office in D.C. and all events giving rise to this Complaint took place in the District of Columbia.

### III.    FACTS

7. Yaida Ford is the principal and managing attorney of Ford Law Pros. P.C. (FLP).

8. Defendant is a global payroll company with 140 locations worldwide.

9. Ford Law Pros is a boutique law firm that provides debt collection and civil litigation services.

10. Ms. Ford, the Principal of Ford Law Pros. She is admitted to practice law in Washington State, Maryland and the District of Columbia.  She actively represents clients in all three jurisdictions, including a number of high profile matters.

11. Ms. Ford also serves on the Judicial Nomination Commission for the District of Columbia.

12. Ms. Ford is also running for public office in the Nation's Capital this year and has already declared her candidacy.

13. On or about October 28, 2025, Plaintiff's office was served an administrative order from Department of Employment Services claiming that FLP failed to respond to an audit notice for FLP's payroll records for the year 2022.  The alleged "notice" was allegedly served on August 30, 2024.

14. Ms. Ford never received a notice on August 30, 2024.

15. The "order" purports to levy some type of fine on Ms. Ford and her business for failure to respond.

16. What is more, the order says that the fine was due on March 22, 2025—a date that occurred seven months before FLP and Ms. Ford received notice.

17. Ms. Ford immediately contacted District Government and informed them that she would file suit over this notice. Notwithstanding that, she sought to comply with the never-issued and never-served notice dated August 30, 2024.

18. Ms. Ford is currently under an administrative order to comply with DOES' request.

19. Ms. Ford contacted ADP on the following dates: December 18, 19 and 24.

20. The representative sent Ms. Ford an encrypted email on December 24, 2025.

21. Ms. Ford and her staff could not access the email because the email sought account information that no longer exists.

22. Ms. Ford called back on January 5, 2026 to ask for her old payroll records to be sent by fax and by mail or without encryption.

23. The agent, Sarah Monica Gulagula, sent her documents the same day but they were encrypted.

24. Ms. Ford insisted on speaking with a supervisor but the agent refused to put her on the line with one.

25. The agent then told Ms. Ford to re-register her old account.

26. However, each attempt Ms. Ford made to do that while on the phone with the agent failed.

27. Ms. Ford had advised DOES that she would send the payroll records on or before February 15, 2026.

3

27. However, ADP refuses to provide the documents to Ms. Ford.

28. Defendant ADP never provided Ms. Ford with her records and the agent with whom she spoke on January 5, 2026 ultimately ended the call with no further support or advice to Ms. Ford leaving her in a state of non-compliance.

29. Ms. Ford explained all of the above to the agent.

30. As of today, Ms. Ford has no way of complying with the government's request.

31. Despite Ms. Ford clearly explaining the consequences Defendant's actions have caused her and would cause her, the agent refused to assist Ms. Ford and terminated the call.

32. Defendant's grossly negligent and reckless actions have caused Ms. Ford to suffer severe distress.  She manages staff and represents clients in highly complex civil rights matters, including wrongful death cases that are pending in both federal and local courts.

33. Defendant should not be servicing small businesses in exchange for compensation if it cannot accommodate basic requests that depend upon its cooperation so that businesses are in compliance with local ordinances.

## COUNT I: BREACH OF CONTRACT

34. Plaintiffs incorporate herein, by reference, the allegations in the previous paragraphs as if fully set forth below.

35. Plaintiffs and Defendant entered into a contract for Defendant to provide payroll services to Ms. Ford's company effective February 2016 and again in 2024.

36. As a part of the contract, Defendant agreed to serve as the reporting agent for Plaintiffs for the purposes of signing and filing returns, and it also agreed to comply

with all applicable state and federal regulations and to prepare and keep her payroll records for any relevant business purpose. It is also responsible for providing her access with those records at all times.

37. Defendant committed a material breach of its contract when it failed to send her the payroll records she requested so that she could respond to District of Columbia government.

38. Defendant's breach has caused Ms. Ford and her business insurmountable harm because of the impending fines and interest and penalties accruing due to default.

39. Plaintiff's damages, which include financial, economic, mental and emotional harm, are the direct and proximate result of Defendant's breach.

## COUNT II: GROSS NEGLIGENCE

40. Plaintiffs incorporate herein, by reference, the allegations in the previous paragraphs as if fully set forth below.

41. Defendants can be held liable for acts or omissions that constitute gross negligence. *See Wells v. Hense*, 235 F. Supp. 3d 1, 22 n.13 (D.D.C. 2017).

42. To state a claim for ordinary negligence in the District of Columbia, a plaintiff must allege: (1) the existence of a duty owed by the defendant to the plaintiff, (2) a negligent breach of that duty by the defendant, and (3) an injury to the plaintiff (4) proximately caused by the defendant's breach. *Id.* at 13. However, D.C. Courts define *gross* negligence as "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference

for the rights and safety of others." *Id.* (quoting *District of Columbia v. Walker*, 689 A.2d 40, 44 (D.C. 1997)). "Where . . . there is no evidence of subjective bad faith on the part of the actor, the extreme nature of the conduct may be shown by demonstrating that the actor acted in disregard of a risk 'so obvious that [the actor] must be taken to be aware of it and so great as to make it high probable that harm would follow.'" *Id.* (quoting *District of Columbia v. Walker*, 689 A.2d 40, 44-45 (D.C. 1997)).

43. Defendant knew or should have known that its failure to provide Plaintiffs with their payroll records would harm Plaintiffs given the impending notice and fines.

44. Defendants had actual or constructive knowledge of its failure and yet failed to adequately protect Plaintiffs from harm.

45. Defendants were grossly negligent because they (1) failed provide Plaintiff with her records and (2) failed to remove the encryption despite her repeated requests.

46. Defendants were grossly negligent because these acts and omissions are *such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for Plaintiffs' rights and safety.*

47. Plaintiffs are directly harmed by this conduct.  Ms. Ford employs several staff and uses personal and business lines of credit to operate her company.

48. Ms. Ford was in the process of running for public office in the District of Columbia this year and this compliance issue could prove problematic to her candidacy.

49. Ms. Ford is a civil rights trial lawyer who represents clients in federal and local courts. She is unable to fully devote her time to her practice and client management because of this issue.

6

50. Defendant's actions, have created mental, psychological and physical harm for Ms. Ford.

### COUNT III: BREACH OF GOOD FAITH AND FAIR DEALING

51. Plaintiffs incorporate herein, by reference, the allegations in the previous paragraphs as if fully set forth below.

52. Defendant breached its implied duty of good faith and fair dealing when it failed to fulfill its obligations under its contract with Plaintiffs thereby injuring Plaintiffs' rights to receive the benefits of that contract.

53. Defendant has evaded the spirit of the contract;

54. Willfully rendered imperfect performance;

55. Claimed to correct the problems caused by its faulty performance only for Plaintiffs to learn that Defendant continued to take insufficient action to make sure the lien was fully resolved.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks the following damages and relief against Defendant:

   a. Injunctive relief requiring ADP to do whatever necessary toissue her payroll records for the years in question.

   b. Compensatory damages in the form of the consideration paid to Defendant for the years 2017 to the present; lost income from loss of business; pain and suffering caused by Defendants in the amount of $850,000.00.

   c. Punitive damages against Defendant in the amount of $850,000.00.

   d. Attorney's fees and costs.

e. Such other relief, at law or equity, as the Court deems necessary and just.

## V. JURY DEMAND

Plaintiffs request a trial by jury.

Respectfully Submitted,

/s/Yaida O. Ford, Esq.

Yaida O. Ford (D.C. Bar #497013)
Ford Law Pros P.C.
1001 L Street, SE
Washington, DC, 20003
Tel: 202-792-4946
Email: yford@fordlawpros.com
*Counsel for Plaintiff*